GARDINER, Judge.
Appellant, Clement A. Pertuit, a member of the New Orleans Police Department, is appealing from a ruling of the Civil Service Commission refusing his recovery of sick leave benefits allegedly due him for injuries which he sustained in an accident while in the performance of his duties under the provisons of Rule VIII, Section (2.1) (c), reading as follows:
“If an employee of the police department is injured directly in the performance of his duty for the protection of life and property, the employee shall be granted additional sick leave with pay, which shall not be charged against his ordinary sick leave accumulation, provided the leave is requested of the Commission each month and is accompanied by a certificate from a physician acceptable to the Commission.”
The interpretation of the language in that section as it applies to the facts found by the Commission is the only issue on this appeal for our determination.
In its ruling the Commission stated that all the facts in the case are most important in making a proper determination and gave the following written statement of them:
“Sergeant Dominick Mumphrey, Supervisor of the Motorcycle Platoon to which appellant is assigned, testified that appellant answered roll call at 2:30 p.m. on November 6, 1967, on the grounds of Police Headquarters at Tulane and Broad Streets. After messages, assignments were issued, and appellant was assigned to his ‘beat’ of the immediate afternoon hour. It was the school zone near St. Raphael’s School on 2212 Pren-tiss Avenue. Sergeant Mumphrey indicated that complaints had been received about speeders in this area and appellant was so assigned there on November 6, 1967.
“Appellant was on his way to this assignment when, at the crossing of Gen-tilly Boulevard at Norman Mayer Drive, the vehicle driven by Lloyd Baillo is al *902 leged to have run a red light and struck appellant.”
The Commission also found that appellant was injured in the accident and suffered a broken leg which required his confinement to bed for twelve weeks. Subsequently, appellant requested the appointing authority to place him in the status of an employee “injured while in the performance of duty,” which was refused; hence, this appeal to the Commission.
If an employee is placed in the status of injured while in the performance of duty he is entitled to full salary while absent from the job and therefore does not have to use his accumulated sick or annual leave.
Appellant urges before the Commission and asserts on this appeal that under the broad construction of Rule VIII, the policeman’s presence on the street, in uniform and on duty, meets the requirement of the rule that he is “* * * in the performance of his duty for the protection of life and property.” He relies upon the holding of this Court in the case of Blanchard v. New Orleans Police Department, La.App., 210 So.2d 585, to support his contention. There is no distinction in our interpretation of the rule in that case and the same rule as it applies to the policeman in this matter. We held in that case that if a patrolman contracted typhoid fever in an investigation conducted aboard a Chinese vessel in the Port of New Orleans, he would be entitled to additional sick leave under Civil Service Rule VIII even though the patrolman was not engaged in hot pursuit at the time he contracted the disease. Of course, in the Blanchard case we remanded the matter to the Commission to have determined whether the patrolman did in fact contract the disease while conducting the investigation. A writ to review our decision was denied by the Supreme Court for the reason that the matter was not final at that time. 252 La. 847, 214 So.2d 165.
The Commission again asserts, as it did in the Blanchard case, supra, that it must apply a strict interpretation to the words of the Rule, i.e., “* * * [f]or the protection of life and property, * * *” and thus found that appellant was not in pursuit of, or in the act of attempting to apprehend, anyone. In other words, it holds that Pertuit’s presence on his motorcycle going to his assignment to patrol a school zone, cannot reasonably be construed to meet the meaning and intent of the “hot pursuit” theory. The Commission stated that appellant was “* * * routinely on his way to an assignment, crossing a thoroughfare in the same manner any other police officer or classified employee in an automobile would have proceeded. There was no unusual circumstances involved prior to the accident. As a matter of illustration, had the appellant been hit chasing a speeder in the area as he (appellant) crossed Gentilly Boulevard, the findings here would be totally different.”
We reiterate what we said in the Blanchard case, supra, as follows:
“A simple interpretation of the words used in the phrase ‘injured directly in the performance of his duty for the protection of life and property’ does not warrant the illogical and strained construction given it by the Commission. A policeman is actually engaged in the performance of his duty for the protection of life and property whenever he is carrying out the official orders or requirements of his office. Whether he be patrolling, investigating, or directing traffic, the policeman is the very essence of and should stand as a symbol of the protector of life and property. The police are employed by the City of New Orleans to protect its citizens and they are sworn to pursue this duty unselfishly though the employment may prove extremely hazardous. Therefore, if a policeman is injured while actually engaged in the performance of his duty, and particularly if he would suffer some disciplinary reprimand if he did not carry out *903 this duty, then this injury should fall under the definition of the Rule VIII(2.1) (c). The continued illogical interpretation of this rule could lead to the most absurd consequences which would eventually induce the policeman to avoid a dangerous situation; indeed discourage him from pursuing law enforcement as a career.”
Appellant was required to ride a motorcycle in order to arrive at a designated school zone at the appointed time for the purpose of apprehending those violating the speed regulations in the school zone and thus prevent injuries to or the loss of lives of children. He was carrying out the official orders and the requirements of his job as a patrolman and therefore was actually engaged in the performance of his duty for the protection of life and property.
Moreover, as counsel for appellant in his brief states, the appointing authority considered that:
“A policeman’s mere presence on the street protects life and property in that he deters crime. The Department is charged with the duty of protecting life and property. To efficiently function, it is divided into different sectors of responsibility. Members of the motorcycle division are primarily concerned with traffic enforcement, apprehending violators, and patroling while on their assigned beats. There is no other way to perform this duty than to be physically on the street.”
For the reasons assigned, the ruling of the Civil Service Commission is recalled and reversed and there is now judgment in favor of appellant decreeing him to be entitled to the special status which grants him additional sick leave, with pay, while injured in the performance of his duty under Rule VIII, Section (2.1) (c).
Reversed.